UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| WILLIAM J. ROWAN | * | DOCKET NO: |
| VERSUS | * | JUDGE: |
| CHEM CARRIERS TOWING, LLC | * | MAG. JUDGE: |

*******************************************************************

## SUIT UNDER THE JONES ACT and GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA

**NOW INTO COURT**, through undersigned counsel, comes petitioner, **WILLIAM J. ROWAN,** a resident of the full age of majority and domiciled in the State of Louisiana, who respectfully represents:

1.

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the Jones Act (46 U.S.C.A. § 30104) and the General Maritime Law of the United States of America. Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal Rules of Civil Procedure. Petitioner elects a non-jury trial.

2.

Made defendant herein is:

(A)  **CHEM CARRIERS TOWING, LLC**, (hereinafter known as **"CHEM"**), a domestic corporation doing business within the jurisdiction of this Honorable Court.

3.

Defendant is justly and truly indebted unto petitioner for all damages that are reasonable in the premises, for the following to-wit:

4.

On or about November 18, 2010, petitioner, **WILLIAM J. ROWAN**, was employed by and actually working within the course and scope of his employment for defendant, **"CHEM"**, as a deckhand aboard the M/V Sandy "B", owned and operated by defendant, **"CHEM"**, on the Mississippi River at the Formosa Dock in Baton Rouge, Louisiana.

5.

On the above date and at the above location, petitioner sustained injuries to his left shoulder while performing his duties, thereby requiring petitioner to undergo surgery.

6.

On or about May 18, 2011, petitioner, **WILLIAM J. ROWAN**, was released to light duty work aboard the M/V George W. Banta, owned and operated by defendant, **"CHEM"**.

7.

On or about May 27, 2011, the M/V George W. Banta was located on the Mississippi River at the Occidental Dock in St. James Parish, Convent, Louisiana, building tow.

8.

On or about the above date, (May 27, 2011), at the above location, petitioner, **WILLIAM J. ROWAN**, was employed by and actually working within the course & scope of his employment for defendant, **"CHEM"**, as a deckhand aboard the M/V George W.

Banta.

**9.**

On or about the above date, (May 27, 2011), at the above location, petitioner, **WILLIAM J. ROWAN**, was required to perform heavy strenuous work when ordered by the Mate of the M/V George W. Banta, to help snatch on the ratchet to secure the stern barge to the lead barge and while in the process re-injured his left shoulder, thereby requiring petitioner to undergo additional surgery on his left shoulder.

**10.**

The aforedescribed accident and personal injuries to petitioner on or about May 27, 2011, were caused as a direct result of the <u>negligence</u> of defendant, its/their agents, servants and/or employees or anyone else for whom it/they may be responsible and/or due to the unseaworthiness of the M/V George Banta, in the following non-exclusive particulars:

    a.   Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner placing petitioner in a situation which it knew or should have known subjected petitioner to an unreasonable risk of re-injury to his left shoulder;

    b.   Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to provide petitioner with a safe place to work;

    c.   Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner violating any & all applicable rules, regulations,

recommended practices, policies and/or standards which constitute negligence per se;

d. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to take all proper precautions to prevent the injuries to petitioner;

e. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to adequately train, instruct, and/or supervise the crew aboard its vessel;

f. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to properly examine and/or inspect its vessel to insure that it did not contain any unseaworthy and/or unreasonably dangerous conditions;

g. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to provide an adequately manned vessel;

h. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner requiring petitioner to perform heavy strenuous work;

i. Any other acts of negligence and/or unseaworthiness which may be proved at or before the trial of this matter.

11.

As a direct and proximate result of the aforementioned <u>negligence</u> of defendant, its/their agents, servants and/or employees or anyone else for whom it/they may be responsible, and/or due to the unseaworthiness of the M/V George Banta, your petitioner has sustained severe and permanently disabling injuries to his left shoulder which combine to cause the following pecuniary and non-pecuniary losses, to-wit:

   a. Loss of wages and benefits and impairment of earning capacity, past, present and future;

   b. Medical and pharmaceutical expenses, past, present and future;

   c. Physical and mental pain and suffering, past, present and future;

   d. Mental anguish and emotional distress, past, present and future;

   e. Loss of enjoyment of life, past, present and future;

   f. Permanent physical disability and impairment of bodily function, past, present and future.

All in amounts reasonable in the premises to be determined at the trial of this matter, plus legal interest and cost from the date of judicial demand until paid.

12.

In addition to the damages set forth above, defendant, **"CHEM"**, is also liable to petitioner for punitive and/or exemplary damages due to its gross, willfully, wanton and/or reckless conduct that constituted a callous disregard to the safety of petitioner resulting in petitioner re-injuring his left shoulder.

WHEREFORE, petitioner, **WILLIAM J. ROWAN**, prays that defendant, **CHEM CARRIERS TOWING, LLC,** be duly served with a copy of this petition and cited to appear and answer same within the delays provided by law and that after the expiration of all legal delays and due proceedings had, there be judgment rendered herein in favor of petitioner and against defendant for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

Further, for all other just and equitable relief.

Respectfully submitted,

DOMENGEAUX WRIGHT ROY & EDWARDS

BY: /s/ THOMAS R. EDWARDS
    **THOMAS R. EDWARDS (#5296)**
    556 Jefferson Street, Suite 500
    Post Office Box 3668
    Lafayette, Louisiana 70502-3668
    Telephone: (337) 233-3033
    Facsimile: (337) 232-8213
    E-mail: tome@wrightroy.com

*Attorneys for Plaintiff, William J. Rowan*