UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM ROWAN | CA: 2:12-CV-00712 |
| VERSUS | JUDGE: SARAH S. VANCE |
| CHEM CARRIERS TOWING, LLC | MAG. JUDGE: DANIEL E. KNOWLES |

**FIRST AMENDED AND SUPPLEMENTAL SUIT
UNDER THE JONES ACT AND GENERAL MARITIME LAW
OF THE UNITED STATES OF AMERICA**

**NOW INTO COURT**, through undersigned counsel, comes petitioner, **WILLIAM J. ROWAN**, a resident of the full age of majority and domiciled in the State of Louisiana, who respectfully amends his original Suit filed in the captioned matter so as to represent as follows:

1.

This case is cognizable under the Admiralty and Maritime jurisdiction pursuant to the Jones Act (46 U.S.C.A. § 30104) and the General Maritime Law of the United States of America. Furthermore, this is an admiralty and maritime claim falling within the purview of Rule 9(h) of the Federal Rules of Civil Procedure. Petitioner elects a non-jury trial.

2.

Made defendants herein are:

(A) **CHEM CARRIERS TOWING, LLC**, (hereinafter known as "**CHEM**"), a domestic corporation doing business within the jurisdiction of this Honorable Court;

(B) **GREAT AMERICAN INSURANCE COMPANY**, (hereinafter known as "**GREAT AMERICAN**"), a foreign insurer doing business within the jurisdiction of this Honorable Court; and

1

(C) **XL SPECIALTY INSURANCE COMPANY**, (hereinafter known as "**XL SPECIALTY**"), a foreign insurer doing business within the jurisdiction of this Honorable Court.

3.

The defendants are justly and truly indebted to petitioner for all damages that are reasonable in the premises, for the following to-wit:

4.

On or about November 18, 2010, petitioner, **WILLIAM J. ROWAN**, was employed by and actually working within the course and scope of his employment for defendant, "**CHEM**", as a deckhand aboard the M/V Sandy "B", owned and operated by defendant, "**CHEM**".

5.

On or about November 18, 2010, the M/V Sandy "B" was located on the Mississippi River at the Formosa Dock in Baton Rouge, Louisiana.

6.

On or about the above date (November 18, 2010), at the above location, petitioner, **WILLIAM J. ROWAN**, was required to perform heavy strenuous work when ordered by the Captain of the M/V Sandy "B" to manually unloosen a cable/wire that was stuck in the vessel's deck winch and while in the process injured his left shoulder, thereby requiring petitioner to undergo surgery.

7.

On or about May 30, 2011, petitioner, **WILLIAM J. ROWAN**, was released to light duty work aboard the M/V George W. Banta, owned and operated by defendant, "**CHEM**".

8.

On or about May 30, 2011, the M/V George W. Banta was located on the Mississippi River at the Occidental Dock in St. James Parish, Convent, Louisiana, building tow.

9.

On or about the above date (May 30, 2011), at the above location, petitioner, **WILLIAM J. ROWAN**, was employed by and actually working within the course and scope of his employment for defendant, "**CHEM**", as a deckhand aboard the M/V George W. Banta.

10.

On or about the above date (May 30, 2011), at the above location, petitioner, **WILLIAM J. ROWAN**, was required to perform heavy strenuous work when ordered by the Mate of the M/V George W. Banta to help snatch on the ratchet to secure the stern barge to the lead barge and while in the process re-injured his left shoulder and other parts of his body, thereby requiring petitioner, **WILLIAM J. ROWAN**, to undergo two additional (second and third) surgeries on his left shoulder, causing and/or exacerbating the injuries to petitioner's shoulder and other parts of his body.

11.

At the time of both the November 18, 2010 accident and the May 30, 2011 accident, defendant, "**GREAT AMERICAN**", was the General Marine Liability insurer of defendant, "**CHEM**", pursuant to a contractual policy of Marine General Liability Insurance. Pursuant to that insurance policy, "**GREAT AMERICAN**" agreed to stand in judgment with "**CHEM**", jointly, severally, and *in solido*, for the negligent actions and/or failures to act of "**CHEM**" and/or its/their agents, servants and/or employees and/or anyone else for whom they may be responsible.

12.

At the time of both the November 18, 2010 accident and the May 30, 2011 accident, defendant, "**XL SPECIALTY**", was the General Marine Liability insurer of defendant, "**CHEM**", pursuant to Marine Excess Liability ("Bumbershoot") Subscription Policy number UM00014463EL10A-S. Pursuant to that insurance policy, "**XL SPECIALTY**" agreed to stand in judgment with "**CHEM**", jointly, severally, and *in solido*, for the negligent actions and/or failures to act of "**CHEM**" and/or its/their agents, servants and/or employees and/or anyone else for whom they may be responsible.

13.

The afore-described accidents and personal injuries to petitioner on or about November 18, 2010 and on or about May 30, 2011 were caused as a direct result of the <u>negligence</u> of the defendants, their agents, servants and/or employees and/or anyone else for whom they may be responsible and/or due to the unseaworthiness of the M/V Sandy "B" and/or the unseaworthiness of the M/V George W. Banta, in the following non-exclusive particulars:

   a. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner placing petitioner in a situation which it knew or should have known subjected petitioner to an unreasonable risk of injury and/or re-injury;

   b. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to provide petitioner with a safe place to work;

   c. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner violating any and all applicable rules, regulations, recommended practices, policies and/or standards which constitutes negligence per se;

d. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to take all proper precautions to prevent the injuries to petitioner;

e. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to adequately train, instruct, and/or supervise the crew aboard its vessels, the M/V Sandy "B" and the M/V George W. Banta;

f. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to examine and/or inspect its vessels, the M/V Sandy "B" and the M/V George W. Banta, to insure that the vessels did not contain any unseaworthy and/or unreasonably dangerous conditions;

g. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner failing to provide adequately manned vessels;

h. Negligently, knowingly, intentionally, recklessly, willfully, wantonly and/or in a grossly negligent manner requiring petitioner to perform unreasonably dangerous heavy strenuous work;

i. Any other acts of negligence and/or unseaworthiness which may be proved at or before the trial of this matter.

14.

As a direct and proximate result of the aforementioned negligence of defendants, its/their agents, their agents, servants and/or employees and/or anyone else for whom they may be responsible and/or due to the unseaworthiness of the M/V Sandy "B" and/or the unseaworthiness of the M/V George W. Banta, your petitioner has sustained severe and permanently disabling

injuries to his left shoulder and other parts of his body which combine to cause the following pecuniary and non-pecuniary losses, to-wit:

   a. Loss of wages and benefits and impairment of earning capacity, past, present and future;

   b. Medical and pharmaceutical expenses, past, present and future;

   c. Physical and mental pain and suffering, past, present and future;

   d. Mental anguish and emotional distress, past, present and future;

   e. Loss of enjoyment of life, past, present and future;

   f. Permanent physical disability and impairment of bodily function, past, present and future.

All in amounts reasonable in the premises to be determined at the trial of the matter, plus legal interest and cost from the date of judicial demand until paid.

15.

In addition to the damages set forth above, defendant, "**CHEM**", is also liable to petitioner for punitive and/or exemplary damages due to its gross, willful, wanton and/or reckless conduct that constituted a callous disregard for the safety of petitioner resulting in petitioner injuring, and then later re-injuring, his left shoulder, and other parts of his body, and/or aggravating certain pre-existing conditions that may have been present prior to the accidents of November 18, 2010 and May 30, 2011 complained of herein.

16.

Pursuant to the General Maritime Law of the United States of America, petitioner, **WILLIAM J. ROWAN**, is entitled to maintenance, cure and found benefits from the date of his

injuries. Petitioner has provided proper notice of his injuries and current physical condition to defendant, "CHEM".

17.

On November 26, 2013, petitioner, **WILLIAM J. ROWAN**, underwent a medically necessary Thoracic Spine Surgery which was performed by Dr. Alan J. Appley, a Lafayette, Louisiana neurosurgeon.

18.

More than two weeks prior to the surgery, undersigned counsel for petitioner provided defendant, "CHEM", with full and proper notice of the medical bases, i.e., the considered opinions of petitioner's treating physicians, and medical necessity for the Thoracic Surgery.

19.

Despite having received such full and proper notice, defendant, "CHEM", has arbitrarily and capriciously persisted in refusing to initially pay and/or reimburse petitioner for the costs of the Thoracic Surgery.

20.

The bad faith refusal by defendant, "CHEM", to honor its maintenance and cure obligation to petitioner constitutes a willful, wanton, intentional and malicious act.

21.

Your petitioner, **WILLIAM J. ROWAN**, is therefore entitled by law to an award of punitive damages, attorney's fees and costs for the afore-described non-payment of maintenance and cure benefits.

WHEREFORE, petitioner, **WILLIAM J. ROWAN**, prays that defendant, **CHEM CARRIERS TOWING, L.L.C.**, be duly served with a copy of this First Amended and Supplemental petition and cited to appear and answer same within the delays provided by law;

FURTHER, petitioner, **WILLIAM J. ROWAN**, prays that defendants, **GREAT AMERICAN INSURANCE COMPANY and XL SPECIALTY INSURANCE COMPANY**, be duly served with a copy of the original petition and this First Amended and Supplemental petition and cited to appear and answer same within the delays provided by law;

FURTHER, petitioner, WILLIAM J. ROWAN, prays that after the expiration of all legal delays and due proceedings had, there be judgment rendered herein in favor of petitioner and against defendants, **CHEM CARRIERS TOWING, L.L.C, GREAT AMERICAN INSURANCE COMPANY** and **XL SPECIALTY INSURANCE COMPANY**, jointly, severally and in solido, for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for punitive damages, attorney's fees and costs.

Further, for all other just and equitable relief.

Respectfully Submitted,

DOMENGEAUX WRIGHT ROY & EDWARDS

BY: /s/ THOMAS R. EDWARDS
**THOMAS R. EDWARDS (#5296)**
556 Jefferson Street, Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502-3668
Telephone: (337) 233-3033
Facsimile: (337) 232-8213
E-mail: tome@wrightroy.com

*Attorneys for Plaintiff, William J. Rowan*